# In the United States Court of Federal Claims

No. 14-378C
(Filed: January 30, 2015)

| | |
|---|---|
| AKIMA INTRA-DATA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> SERVICESOURCE, INC., ) <br> ) <br> Defendant-Intervenor. ) <br> ) | Bid Protest; RCFC 62(c); Denial of Motion for Injunction Pending Appeal |

**O R D E R**

Plaintiff Akima Intra-Data, LLC ("Akima"), seeks an injunction pending appeal to stop the National Geospatial-Intelligence Agency ("NGA") from allowing ServiceSource, Inc. ("ServiceSource") to assume full performance of Base Operations Support ("BOS") services at NGA's Campus West ("NCW") facilities through the AbilityOne program, and to restrain the Committee for Purchase from People Who are Blind or Severely Disabled ("Committee") from allowing the Committee's decision to add the NCW BOS

services to the procurement list to take effect.[1] The plaintiff originally filed this action on May 5, 2014 challenging the government's decisions to (1) include the subject contract on the list of services to be provided by the blind and severely disabled under the AbilityOne program and (2) select ServiceSource, Inc. a nonprofit corporation that employs the severely disabled, to perform the contract for BOS at the NGA's campus. Akima had been performing the subject services for NGA since 1999. Akima Intra-Data, LLC v. United States, -- Fed. Cl. --, 2014 WL 7359026 at *3 (Fed. Cl. Dec. 23, 2014).

The court entered judgment in favor of the government and denied Akima's motion for judgment upon the administrative record on December 23, 2014. In the decision, the court rejected Akima's arguments challenging the lawfulness and rational basis for the actions of the Committee and NGA in this case. See Akima, 2014 WL 7359026 at *22. Thereafter, on January 7, 2015, NGA awarded the NCW BOS contract to ServiceSource. The contract calls for a transition period with full performance to commence on April 1, 2015. On January 13, 2015, Akima moved this court to stay its judgment pending appeal. The government filed a response on January 21, 2015 and Akima filed its reply on January 23, 2015. The court deems oral argument unnecessary and for the reasons set forth below **DENIES** plaintiff's motion.

Pursuant to Rule 62(c) of the Rules of the United States Court of Federal Claims ("RCFC") the court has the authority to grant an injunction while an appeal of a final judgment is pending. That rule provides: "While an appeal is pending from an

---

[1] The AbilityOne program and the role of the Committee are described in detail in the court's opinion and are not repeated here.

interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." RCFC 62(c). In this connection, because an injunction "is 'an extraordinary and drastic remedy,'" the movant carries the burden of persuasion. OAO Corp. v. United States, 49 Fed. Cl. 478, 480 (2001) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 (1995)). In deciding whether a party is entitled to such relief, the court considers the following factors: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other interested parties; and (4) where the public interest lies. Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512 (Fed. Cir. 1990) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987); E.I. DuPont de Nemours & Co. v. Phillips Petroleum, 835 F.2d 277, 278 (Fed. Cir. 1987)). Each factor is not necessarily entitled to equal weight. Id. (citing Providence Journal Co. v. Federal Bureau of Investigation, 595 F.2d 889, 890 (1st Cir. 1979)). The court's flexible consideration of the four factors may allow for an injunction pending appeal when the movant "'establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits,' provided the other factors militate in movant's favor." Id. at 513 (quoting Hilton, 481 U.S. at 778 (emphasis added)). Put another way, a plaintiff is entitled to an injunction where it has a "substantial case on the merits" and where "the balance of hardships tips decidedly toward plaintiff. Id. (citing Hamilton Watch Co. v. Benrus

3

Watch Co., 206 F.2d 738, 740 (2d Cir. 1953); Charlie's Girls, Inc. v. Revlon, Inc., 483 F.2d 953, 954 (2d Cir. 1973)) (emphasis added).

### 1. Likelihood of Success on the Merits

Akima argues that this court should grant an injunction based on the grounds that the issues on appeal present "fair ground for litigation." Pl.'s Reply at 3. Specifically, Akima argues that whether the court properly interpreted the 75% requirement in 41 U.S.C. § 8501(6) and correctly evaluated the interplay between the Alaska Native Claims Settlement Act and the Javits-Wagner-O'Day Act are questions of first impression that weigh strongly in favor of granting an injunction. Akima also challenges the court's conclusion that severely handicapped individuals are able to take on the tasks identified in the contract. The court recognizes that the legal issues presented are issues of first impression. Thus, while the court rejected plaintiff's arguments, it is not possible to determine the likelihood of success on appeal. An issue of first impression weighs in favor of finding a "substantial case on the merits," though not decisively. See, e.g., Jacobson v. Lee, 1 F.3d 1251 (Fed. Cir. 1993) ("These are important questions, some of first impression, that deserve careful consideration by this court."). Therefore, the court must find that the remaining factors of the analysis weigh sufficiently in favor of Akima to merit an injunction pending appeal.

### 2. Irreparable Harm

Akima argues that, if the court does not grant the stay, it will lose the NCW BOS contract and the associated contract revenue, causing irreparable harm. The government responds that this harm is no different from the harm every incumbent faces when it

competes for a contract and thus the loss of a contract cannot serve as the basis for finding irreparable harm.  Akima responds by arguing that, in this case, the administrative record confirms that Akima will lose significant revenue once the NGA contract ends and that this is a threat to the company's existence.  The government does not dispute the Committee's findings regarding the financial impact on Akima but counters that the administrative record also confirms that Akima is the wholly-owned subsidiary of a corporation worth over $1.8 billion and that these resources are more than enough to mitigate the financial impact that the loss of the NGA contract will have on Akima.

The court agrees with the government.  "No federal contractor has a right to maintain its incumbency in perpetuity," and "the potential loss of the benefits of incumbency does not give [a bid protest] plaintiff some sort of automatic right to a stay pending appeal."  CRAssociates, Inc. v. United States, 103 Fed. Cl. 23, 26 (2012).  Indeed, all "sorts of things that any incumbent would experience upon the loss of a successor contract" are not sufficient to demonstrate irreparable harm.  Id. (citing PGBA, LLC v. United States, 60 Fed. Cl. 196, 221 (2004)).  Because Akima is wholly-owned by a corporation with reported revenues of $1.8 billion in Fiscal Year 2012, Akima, 2014 WL 7359026 at *20, Akima cannot demonstrate that it will suffer irreparable harm if it does not continue to perform the NGA contract.  Indeed, plaintiff has never argued in this case that it will be put out of business if it loses the contract at issue, but rather that a trend of such procurements could threaten its existence.  Accordingly, plaintiff has not shown a unique or irreparable harm warranting an injunction.

    3.    **The Balance of Harms**

In contrast to the harms alleged by Akima, the court finds that an injunction pending appeal would create significant harm to the government and ServiceSource. To begin, an injunction pending appeal could require NGA to conduct another procurement and incur unwarranted costs. This new procurement would also create the possible risk of interrupted service if Akima or ServiceSource were not selected.

ServiceSource has also demonstrated in its papers that it will suffer harm if Akima is granted an injunction pending the outcome of the appeal process. According to ServiceSource, it has already begun hiring key personnel and incurred recruiting, compensation, training, and travel costs. This includes engaging the referral network to identify the persons with severe disabilities that ServiceSource serves and seeks to employ. It presented evidence that a delay would prevent it from obtaining revenue that it uses for programs such as "development and training for persons with severe disabilities, employment solutions for individuals with autism-spectrum disorders, counseling, information and referral services, rehabilitation services, youth transition services, housing and veteran services." Def.-Intervenor's Resp., Ex. A at 9. Accordingly, the court finds that the harm to ServiceSource and the harm to the government outweigh the harm to Akima.

### 4.     Harm to the Public Interest

Finally, there is no question that the public interest weighs against a stay pending appeal. The AbilityOne program was created by Congress to fulfill the public purpose of "increas[ing] employment and training opportunities for persons who are blind or have other severe disabilities through the purchase of commodities and services from qualified

nonprofit agencies employing persons who are blind or have other severe disabilities." 41 U.S.C. § 51-1.1.  Here, the court found that the record supports the Committee's finding that the subject procurement has the potential to increase employment opportunities for severely disabled persons.  Akima, 2014 WL 7359026 at *16.  As discussed in the opinion, the Committee found that ServiceSource has committed to employ approximately 34 people with severe disabilities in full-time positions by the end of the 18-month phase-in period.  Similarly, ServiceSource's subcontractor, CW Resources, committed to employ approximately 17 people with severe disabilities in full-time positions by the end of the 18-month phase-in period.  The requested injunction pending appeal could therefore prevent over 50 severely disabled individuals from obtaining employment.  The court finds that this would significantly harm the public interest.

For all of these reasons, the court **DENIES** Akima's motion for an injunction pending appeal.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge